PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT ~~~ 11  PM 2: 57

FOR THE __Northern__ DISTRICT OF TEXAS

__Dallas__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__Larry Don Mosley__
PETITIONER
(Full name of Petitioner)

__Jame V. Allred Unit  TDCJ__
CURRENT PLACE OF CONFINEMENT

vs.

__01970234__
PRISONER ID NUMBER

__Bryan Collier__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**3-18CV2418-G**
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5.   Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**   (Check all that apply)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _Dallas County Criminal District Court #2   Dallas County Texas_

2.   Date of judgment of conviction: _Dec 3rd 2014_

3.   Length of sentence: _Life_

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _F-13-71324_

Rev. 09/10

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☑ No

8.  Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _Court of Appeals 5th District at Dallas_   Cause Number (if known): _05-15-00010-CR_

    What was the result of your direct appeal (affirmed, modified or reversed)? _affirmed/modified_

    What was the date of that decision? _Jan 28th 2016_

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _#1) Did Court error by not Not Abiding by "SCOTUS" precedent on this issue. #2) Did Court ruling conflict with "SCOTUS" precedent_

    Result: _Pro'Se petition for discretionary review was refused_

    Date of result: _7/5/16_   Cause Number (if known): _PD-0159-16_

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _N/A_

    Date of result: _N/A_

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _Dallas County Criminal District Court #2 Dallas County Tx_

    Nature of proceeding: _11.07_

    Cause number (if known): _W13-71324-I(A)_  ~~00000000000000~~

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

stamped date from the particular court: May 3rd 2017

Grounds raised: 27 grounds of due process right violations

Date of final decision: June 6th 2018

What was the decision? Denied without written order, without a hearing

Name of court that issued the final decision: Court of Criminal Appeals of Texas

As to any second petition, application or motion, give the same information:

Name of court: Dallas County Criminal District Court #2 Dallas County Texas

Nature of proceeding: 11.07

Cause number (if known): W13-71324-I(B)

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: July 12 2017

Grounds raised: 3 ground raised 2 due process / actual innocence

Date of final decision: June 6th 2018

What was the decision? Denied without a written order, without a hearing

Name of court that issued the final decision: Court of Criminal Appeals of Texas

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

N/A

(b)    Give the date and length of the sentence to be served in the future: N/A

N/A

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the

sentence you must serve in the future?   ☐ Yes   ☑ No

## Parole Revocation:

13. Date and location of your parole revocation: N/A

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☑ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☑ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    N/A

    Disciplinary case number: N/A

    What was the nature of the disciplinary charge against you? N/A

18. Date you were found guilty of the disciplinary violation: N/A

    Did you lose previously earned good-time days?   ☐ Yes   ☑ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    N/A

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

    N/A

    N/A

    N/A

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☑ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: N/A

Step 2 Result: _N/A_

Date of Result: _N/A_

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** _My due process rights were violated when my trial counsel failed to object to statement made by prosecutor_

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_As supported by the (TCRR V4pg 15) Ms Patel prosecutor stated "There is no grand jury proceedings". Also see previously attached Exhibit #1 (a letter from the Dallas County District Attorney Office) A reasonable probability of a different outcome absent this error of counsel_

B.   **GROUND TWO:** _My due process rights were violated when my trial counsel failed to request a continuance_

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_As supported by the (TCRR V3pg 7). Trial counsel failed to request a continuance to have time /opportunity to thoroughly review CD/evidence prior to trial due to an admitted illness and inability to review such materials. A reasonable probability of a different outcome absent this error of counsel._

Rev. 09/10

C.  **GROUND THREE:** My due process rights were violated when trial counsel fail to object to court being closed to the public during voir-dire

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Criminal Dist Ct #2 was closed to all spectators, family and friends Bailiff/Deputy told a number of spectators, family and friends to wait outside the courtroom due to 77 voir dire members without a hearing of said closure of the courtroom. As supported by the TCRR V4 pg 43. A reasonable probability of a different outcome absent this error

D.  **GROUND FOUR:** My due process rights were violated when appellant counsel failed to address issue of statements of D.A. Patel

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As supported by TCRR V5 p 248 and 249. DA Patel made mention and or reference to petitioner being in custody currently and daily phone calls against motion in Limine to La Tericka Hopkins. A reasonable probability of a different outcome absent this error of counsel.

21.  Relief sought in this petition: Review in De Novo, judgement of aquittal, and other actions the Court deems just and appropriate.

Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____

_____ N/A _____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____ N/A _____

_____ N/A _____

_____ N/A _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____ N/A _____

_____ N/A _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: ___ Steven Hayden ___

(b)   At arraignment and plea: ___ Augie N' Duka ___

(c)   At trial: ___ Augie N' Duka ___

(d)   At sentencing: ___ Augie N' Duka ___

(e)   On appeal: ___ Lawrence B. Mitchell ___

(f)   In any post-conviction proceeding: ___ N/A ___

(g)   On appeal from any ruling against you in a post-conviction proceeding: N/A

_____ N/A _____

## Timeliness of Petition:

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

| | | |
|---|---|---|
| Direct Appeal | Affirmed | 1-28-16 |
| P.D.R | refused | 6-29-16 |
| 11.07 | filed | 3-28-17 |
| 11.07 | denied | 6-6-18 |

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. §
2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person
in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest
of –

(A)   the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

_____ N|A
Signature of Attorney (if any)

_____ N|A

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_August 29th  2018_____ (month, day, year).

     Executed (signed) on _August 29th 2018____ (date).

_Larry Mosley Jr._____
Signature of Petitioner (required)

Petitioner's <u>current</u> address: _2101 F.M. 369 N  Iowa Park Tx 76367_

_____

E   counsel failed to obtain evidence/records after prosecutor had access

As supported by TCRR V4 pg 16. Trial counsel failed to obtain A copy of the Child Advocacy forensic Interview CD and or CPS case files that existed both in Texas and Oklahoma before during and pending trial which includes investigator's notes reports books accounts letters photographs and all tangible things that constitutes as evidence which prosecutor's had full unrestricted access to. A reasonable probability of a different outcome absent this error of counsel.

F   Ground # 6 My due process rights were violated when trial counsel failed to call witness Annika Hopkins

As supported by TCRR V4 pg 14. Annika Hopkins was the nude female photo still from cellphone video of which the prosecutor referred to as a minor. Annika Hopkins a 26 yr old mother of 2 children. A reasonable probability of a different outcome absent this error of counsel.

G   Ground # 7 My due process rights were violated when trial counsel failed to impeach complaintant's testimony/statement. As supported by TCRR V4 pg 28 and 29 also in the discovery packet pg 6 of 52. Complaintant stated to state's investigator that she had previously falsely accused Franswa Harold of sexual abuse. Franswa Harold is the father of Zexus Harold the younger sister of the complaintant. A reasonable probability of a different outcome absent this error of counsel.

H **Ground #8** My due process rights were violated when trial counsel failed to object to juror serving after statement by Mr. Florez said he could not be fair.

As supported by TCRR V4 pg 135. During voir dire a question asked which factors would be important to jurors decision of min. sentencing. Mr Florez who replied "that he could not concider the min. sentence but Mr. Florez was still allowed to serve as juror. A reasonable probability of a different outcome absent this error of counsel.

I **Ground #9** My due process rights were violated when trial counsel failed to object to statements made by prosecutor.

As supported by TCRR V4 pg 73. Prosecutor Mr Fine's Hypothetical statements and questions to the jurors as to the petitioner being guilty was misleading and effectively precluded petitioner from challenge for cause of bias to the entire veniremans ability to give a genuine distiction. A reasonable probability of a different outcome absent this counsel error.

J **Ground #10** My due process rights were violated when trial counsel failed to call Heather Sims

As supported by TCRR V5 pg 116 and 123. Heather Sims was the theripts of complantant, counsel failed to introduce the testimony from a missing witness. Heather Sims had direct knowledge of statements for impeachment purposes. A reasonable probability of a different outcome absent this error of counsel.

K   Ground #11 The process rights were violated when trial
counsel failed to call Sherry Leonard FBI Analyis Personell.

As supported by TCRR VSpg 179-191 And VSpg 187-191.

Sherry Leonard would have been the only person who could testify
to the evidence retrieved from cellphone, specifically the origin
And ability to authiticate the Actual un-re-dacted photos And
or videos. A reasonable probability of A different outcome Absent
this error of counsel.

L   Ground #12   My due process rights were violated when trial
counsel failed to call Carol Bangs.

As supported by TCRR VSp123 And discovery packet pg 6of52
Carol Bangs is the adoptive custodial parent of the complantant
who would have testified to events leading up to this
incident as to the motive for custdy and prior false
sexual Abuse Aligation involving Franswia Harold. A
reasonable probability of a different outcome Absent this error of counsel

M   Ground #13   My due process rights were violated when trial
counsel failed to object to statements made by prosecutor.

As supported by TCRR VSpgs 18-20 and discovery Packet pg 6 of 52
Testimony of complantant was bolstered immeasuarbly by the
prosecutr. Counsel failed to call in to testimony of school counselor
theripts And or detective or officers who took the initial report
As to the prior false sexual Abuse Aligations. A reasonable
probability of a different outcome Absent this error of counsel.

N. Ground #14 My due process rights were violated when trial counsel failed to investigate Facebook messages.

As supported by TCRR V5pgs 75-77. Facebook messages purported to be messages from the complaintant with fictious name listed on the account which complaintanl testified in court to be the Author of said messages. Trial court abused its discretion by not allowing defense to use messages from Facebook account "Angel Jackson" for impeachment purposes. A reasonable probability of a different outcome absent this error.

O. Ground #15 My due process rights were violated when trial counsel failed to investigate criminal history of witnesses.

As supported by TCRR V5pgs 75-77 And V4pg 11-15. Carol Bangs, D'Amor Grahm, D'Amor Miller, D'Amor Washington, And Wonda Antoine. All were not investigated as to Any And all criminal history in both Texas And Oklahoma. They All have hade residency in Tipton OK, Altus OK, Lawton OK, Dallas Tx, Denton Tx, Arlington Tx, Richardson Tx, and Garland Tx for impeachment purposes. A reasonable probability of a different outcome absent this error of counsel.

P. Ground #16 My due process rights were violated when trial court Allowed prosecutors to impede the evidence and Any discovery of CPS from both Texas And Oklahoma.

As supported by TCRR V4pg 16. CPS records from both Texas And Oklahoma were withheld and or not allowed to be admitted into evidence when trial counsel became aware of

of such CPS records even after the trial began. CPS records from both Oklahoma and Texas would have been use to mount a defense to use as impeachment material as to other false aligations of sexual abuse or physical abuse. A reasonable probability of a different outcome absent this error of counsel.

Ground # 17 My due process rights were violated when trial counsel allowed prosecutors to withold by access to.

As supported by the TCRR V4 pg 18 and 24. Prosecutors failed to allow defense full unrestricted access to any and all record during the trial Prosecutr Mr Fine stated "I believe CPS record do not exist". CPS records from Texas and Oklahoma would have been essential to defense as Brady issue. A reasonable probability of a different outcome absent this error of counsel

Ground #18 My due process rights were violated when trial counsel failed to full disclosure of forensic examination of all electronics/devices.

As supported by TCRR V4 pg 28. Trial counsel failed to obtain the results of forensic examination of cellphone, Laptop, hardrives and cameras. Counsel fail to view inspect investigate such examinations. A reasonable probability of a different outcome absent this error of counsel.

Ground #19 My due process rights were violated when trial counsel failed to object prosecutr's use of purgered testimony by state's witness.

As supported by TCRR V6 pg 84. State's witness testified to which was self contradicting as to prior false aligation as well as more than just one single visit by complaintant to petitioner's home from Oklahoma to Dallas. A reasonable probability of a diffrent outcome absent this error of counsel

T     Ground #20  My due process rights were violated when trial counsel failed to impeach state's witness statements. As supported by TCRR V5 pg 112. Prosecutor mislead the jury with state's witness statement. A reasonable probability of a diffrent outcome absent this error of counsel.

U     Ground #21  My due process rights were violated when trial counsel failed to object to Prosecutor's statement as a personal opion to bolstering the witness statements. As supported by TCRR V6 pg 18, 20 and 21. Prosecutor stated a personal opion or belief of witness's crediabilty. The court could not avoid the conclusion that the jury, in assessing the complaintant's credibilty likely gave a lot significant weight to the prosecutor's statement which substatially influenced the jury. A reasonable probability of a diffrent outcome absent this error of counsel.

V     Ground #22  My due process rights were violated when trial counsel failed to object to Prosecutor's Hypsthetical statements. As supported by TCRR V4 pg 74. Prosecutor's Hypsthetical question to the jury during voir dire. Prosecutor stated defendant being guilty was misleading and effectively

reasonable probabilty of a different outcome absent this error

W

Ground #23   My due process rights were violated when trial counsel failed to obtain the forensic interview report. As supported by TCRR V4 pg 16. Prosecutor's had access to the entire forensic report, as this report would have been flavorable to defense. showing a significant diffrence between testimony of complaintant at trial vs the testimony at the forensic interview report was taken or performed. The complaintant was more concerned abent custdy as to who she lives with, forensic report shows strong evidence that a plan or ruse to allow the biological mother ( D'Amor Grahm - Miller - Washinqton ) to regain full custdy of complaintant as well as control over all State/Govt. funds that recieved by complaintant. A reasonable probability of a diffrent outcome absent this error ot counsel.

X

Ground #24   My due process rights were violated when trial counsel failed to object to unequal time to vior dire As supported by TCRR V5 pg 30 thru 95½ and pg 124 and pgs 95½ thru 150. State's vior dire was 65½ pages long without any breaks. Defense's vior dire was 45½ pages long with a 13 min break on page 124. Prosecutor were granted a 3 min warning prior to expiration of ~~time~~ its vior dire, Defense was not granted any warning of any kind by ~~the~~ Judge . Judge stated "time is up". A reasonable probability of a

different outcome absent this error of counsel

**Y**

Ground #25 My due process rights were violated when trial counsel failed to request addictional funding to hire an adequate expert.

As supported by TCRR and Clerk Records pgs 78 and 89 Counsel failed to make even a cursory investigation in to the Statue providing indigent defendants would have revealed counsel could have recieved reimbursement for any reasonable expenses incurred. A mistake of law, counsel failed to aquire additional funds of which to hire a more through expert witness of whom did not even testify, niether Rex Reynolds nor Lyn Corsi niether testified at my trial. A reasonable probability of a different outcome absent this error of counsel.

**Z**

Ground #26 My due process rights were violated when trial counsel failed to object to Prosecutor statements as to reasonable doubt.

As supported by the TCRR V4 pg 41. Prosecutor's statement reguarding wheather the voir dire understood proof beyond a reasonable doubt constituted a level of confidence higher than the perpondance of the evidence. Court abused its discretion when it allowed only a few veinire people to reply as to what they thought reasonable doubt meant. Stating " You can make it mean whatever you want!" A reasonable probability of a different outcome absent this error of counsel.

**AA**

Ground #27 My due process rights were violated when trial

failed to suppress evidence from contents of cellphone

As supported by TCRR and Clerks record pg 13 and 14. The Kyrocera cellphone of which I had in my personal possion when arrested on private property was not listed on my property papers upon bookin on July 17th 2013 Tues 5:45pm. There was no recipt issued for my personal cellphone of which I used 20 min prior to my arrest. Officer and Prosecutors had access to my personal cellphone for nearly 10 days before a warrant was issued for the search of a unlocked cellphone of which never has had any lock activated. A reasonable probability of a different outcome absent this error of counsel

BB     Ground #28 My due process rights were violated when ~~when~~ Appellant Counsel failed to raise Judges ruling on issue of discovery from D.C.A.C.

As supported by TCRR V4 pg 16. Appellant counsel failed to raise this issue on Direct Appeal. CPS and DCAC records from both Texas and Oklahoma were witheld and or not Amitted as evidence even when counsel became aware of such records A reasonable probability of a different outcome absent this error of counsel

CC     Ground #29 My due process rights were violated when ~~when~~ ~~when~~ Appellant counsel failed to raise CPS and DCAC discovery issue on direct Appeal.

As supported by TCRR V4 pgs 18 and 24. Trial counsel failure to object or challenge statement made by prosecutor Mr. Fine "I believe CPS records do not exist. A reasonable probability of a different outcome absent this error of counsel.

DD   Ground # 30   Actual Innocence

This entire event was used to attempt to force the change of child custody from Carol Bangs back to the birth mother D'Amor Grahm (AKA) D'Amor Miller (AKA) D'Amor Washington who lost custody of complainant Angel Miller to Carol Bangs who is the Biological Grand-mother of complainant. Child and Mother's ruse to make Adoptive mother Carol Bangs look as if Carol Bangs is an unfit parent thus attempting to force the removal of complainant's custody from Carol Bangs back to D'Amor Grahm (D'Amor Miller) (D'Amor Washington) Custodial parent is person in control of all state and federal funds of which the complainant recieves.



Lacey Don Mosley # 01970234
2101 F.M. 369 N
Iowa Park Tx 76367

S

U.S District Cleek Office
Earl Cabell Bld.
1100 Commerce St. Rm # 1452
Dallas Texas 75242

RECEIVED
JUN 11 2018

$2.05